

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 27  AM 8: 37

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SALVADOR JOSEPH PANNO          CIVIL ACTION

VERSUS                             NO. 04-927

JO ANN B. BARNHART,             SECTION "C" (3)
COMMISSIONER SOCIAL SECURITY
ADMINISTRATION

## REPORT AND RECOMMENDATION

The matter is before the undersigned pursuant to an automatic referral. On April 2, 2004 plaintiff's pauper application was denied. *See* Order dated April 2, 2004 [Rec. Doc. No.1]. Over ten months later (February 11, 2005), *pro se* plaintiff , Salvador Joseph Panno ("Panno') paid the filing fee. Therefore, his complaint was filed on February 11, 2005 and three summons were issued to the plaintiff for the purpose of effecting service. *See* Plaintiff's Complaint against the Commissioner of Social Security [Rec. Doc. No. 2]. As of April 29, 2005, the matter remained unserved.

The undersigned set the matter for a Rule 4(m) call docket hearing on May 25, 2005 to determine the status of service or whether there was any good reason for the plaintiff's failure to serve the defendant in compliance with Federal Rule of Civil Procedure 4(m). Panno filed no opposition to the call docket order seeking to determine the status of service. However, on the morning of the hearing (May 25, 2005), plaintiff contacted the undersigned Magistrate Judge's staff, informing the Court that he was unable to attend the call docket hearing. Plaintiff was

advised that the Court would pass the matter for another thirty (30) days, but that it was imperative that he effect service of the summons and complaint in accordance with Fed. R. Civ. P. 4(m). Plaintiff was further advised to contact the *pro se* desk of the Clerk of Court for the purpose of seeking assistance in executing the appropriate summons forms to effect service of the complaint.[1] This Court's order directing that service be made within thirty (30) days was not returned undelivered. The record reflects that no effort has been made to comply with Rule 4(m). More than one hundred twenty (120) days has passed since the captioned matter was filed. The rule requires that the Court to dismiss the claim if it is not served withing one hundred twenty (120) days, absent a showing of good cause for the failure to comply with the dictates of rule. No such showing has been made in this case.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Salvador Joseph Panno's Complaint be dismissed without prejudice for failure to serve the defendant with 120 days after the filing of the complaint pursuant to Fed. R. Civ. P. 4(m).

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[1]*See* Order dated May 26, 2005 (directing plaintiff to comply with Rule 4(m) and effect service on or before Friday, June 24, 2005) [Rec. Doc. No. 4].

result form a failure to object.  Douglass v. United States Services Automobile Association, 79

F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this _____ day of June, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

3